UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

WATERMARK FINANCIAL SERVICES GROUP, INC.,
WATERMARK M-ONE HOLDINGS, INC.,
M-ONE FINANCIAL SERVICES, LLC,
WATERMARK CAPITAL GROUP, LLC,
GUY W. GANE, JR., and
LORENZO ALTADONNA,

Defendants, and

GUY W. GANE, III,
JENNA GANE, AND
DENKON, INC.,

Relief Defendants.

**DECISION AND ORDER**
08-CV-361S

Presently before this Court is Plaintiff Securities and Exchange Commission's (the "Commission") Motion for an *Ex Parte* Order to Show Cause and Temporary Restraining Order against Defendants and the Relief Defendants, filed on May 15, 2008.

In connection with this motion, this Court has considered the following submissions filed by the Commission: (1) the Complaint; (2) the Notice of Motion; (3) the Declaration of Israel Maya, and the 23 exhibits thereto; (4) the Memorandum of Law in Support; and (5) the Declaration of Linda Arnold.

Ordinarily, a party seeking injunctive relief must demonstrate "(1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of

hardships tipping decidedly toward the party seeking injunctive relief." N.A.A.C.P., Inc. v. Town of East Haven, 70 F.3d 219, 223 (2d Cir. 1995) (quoting Resolution Trust Corp. v. Elman, 949 F.2d 624, 626 (2d Cir. 1991)); see also SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharm., Inc., 211 F.3d 21, 24 (2d Cir. 2000).

But the Commission, because it is charged with safeguarding the public interest through enforcement of the securities laws, is not required to meet this standard. See SEC v. Cavanagh, 155 F.3d 129, (2d Cir. 1998); SEC v. Dorozhko, 07 Civ. 9606, 2008 WL 126612, at *5 (S.D.N.Y. Jan. 8, 2008) (quoting SEC v. Management Dynamics, Inc., 515 F.2d 801, 808 (2d Cir. 1975)). Rather, the SEC is entitled to temporary or preliminary injunctive relief upon "a substantial showing of likelihood of success as to both a current violation and the risk of repetition." Cavanagh, 155 F.3d at 132 (citing SEC v. Unifund SAL, 910 F.2d 1028, 1039-40 (2d Cir. 1990).

Based on this Court's review of the submissions, it finds that the Commission has met its burden of establishing the likelihood of both current and future violations of the securities laws. From May 2005 to January 2008, Defendants and others raised approximately $5,100,000 from approximately 90 unsophisticated investors, many of whom were senior citizens or individuals close to retirement. (Maya Decl., ¶¶ 21, 35, 37.) Defendants convinced these investors to purchase convertible debentures issued by Defendant Watermark Financial Services Group, Inc. ("Watermark Financial") and Watermark M-One Holdings, Inc. ("Watermark Holdings") (collectively "Watermark"), or by Defendant M-One Financial Services, LLC ("M-One") for the benefit of Watermark. (Maya Decl., ¶ 21.) Investors were promised a fixed 10% or higher annual return on their principal, with the debentures having one- or two-year maturity dates. (Maya

Decl., ¶ 22.) Investors also had the option of converting all or part of the face value of the debentures and accrued interest into shares of Watermark common stock at the investors' discretion on or before the debentures' maturity dates. (Maya Decl., ¶ 22.)

The debentures were not registered with the Commission, nor did Defendants provide investors with any offering materials other than the debenture contracts. (Maya Decl., ¶ 37.) To induce investors, Defendants falsely told them that Watermark would use the proceeds to purchase or develop real estate. (Maya Decl., ¶¶ 24, 27.) Instead, the money raised was diverted to five companies in Buffalo, New York; to Defendant Gane himself and to his family members; to Defendants' employees and consultants; to pay investors; and to Denkon, Inc., a company controlled by Defendant Gane. (Maya Decl., ¶¶ 28, 29, 30, 31.)

Defendants raised an additional $580,000 between December 2007 and January 2008 by selling short-term promissory notes issued by Watermark to at least four investors. (Maya Decl., ¶ 32.) In at least one instance, funds raised through this offering were used to repay a previous investor, a local church. (Maya Decl., ¶ 33.)

In sum, the evidence demonstrates a strong likelihood that Defendants have run and are running a Ponzi scheme. Based on information gathered from investors whose debentures have recently matured, Defendants Gane and Altadonna have falsely represented that their funds were located in Greece and that a bank strike there was making their funds inaccessible. (Maya Decl., ¶ 38.) Analysis of subpoenaed records, however, reveals no evidence that any funds were sent to Greece. (Maya Decl., ¶ 38.)

Furthermore, based on a review of the debentures, it appears that many of them will mature this year, entitling investors to their principal and interest. (Maya Decl., ¶

40.) More than $3,300,000 million will come due in May and June 2008 alone. (Maya Decl., ¶ 41.) But according to records obtained by Investigator Maya, as of February 2008, only $98,000 of the approximately $5,700,000 raised through this scheme remained in bank accounts controlled by Defendants. (Maya Decl., ¶ 39.) And of the $98,000, $55,000 was in Defendant Gane's personal bank account. (Maya Decl., ¶ 39.) Because of the amount of money coming due, and the corresponding lack of available funds, this Court finds that the Commission has established a high probability that Defendants will issue more debentures or promissory notes to new investors to pay the maturing debentures. (Maya Decl., ¶ 40.) Thus, the securities laws will continue to be violated.

In this Court's view, the Commission has made a proper showing, as required by Section 20(b) of the Securities Act and Section 21(d) of the Exchange Act for the relief granted herein, and this Court finds as follows:

1. It appears from the evidence presented that Defendants Watermark Financial, Watermark Holdings, Watermark Capital, M-One, Gane, and Altadonna have violated, and, unless temporarily restrained, will continue to violate, Sections 5(a) and 5(c) of the Securities Act, as charged in the Complaint; Defendants Watermark Financial, Watermark Holdings, M-One, Watermark Capital, Gane, and Altadonna have violated, and, unless temporarily restrained, will continue to violate, Section 17(a) of the Securities Act, and Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5, as charged in the Complaint; and Defendant Gane has violated, and, unless temporarily restrained, will continue to violate, Section 15(a) of the Exchange Act, as charged in the Complaint.

2. It appears that an order freezing the Defendants' and Relief Defendants' assets, as specified herein, is necessary to preserve the *status quo,* and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

3. It appears that the Defendants and Relief Defendants may attempt to dissipate or transfer from the jurisdiction of this Court, funds, property and other assets that could be subject to an order of disgorgement or an order imposing civil penalties.

4. It appears that the Defendants and Relief Defendants may attempt to destroy, alter or conceal documents.

5. This Court has jurisdiction over the subject matter of this action and over the Defendants and Relief Defendants, and venue properly lies in this District.

Accordingly, this Court will grant the Commission's Motion for a Temporary Restraining Order (as detailed below) and will direct the parties to appear for a status conference at which time the Commission's request for a Show Cause Order and Preliminary Injunction will be discussed.

## ORDERS

### I. STATUS CONFERENCE

**IT IS HEREBY ORDERED** that counsel for Plaintiff, counsel for Defendants, and Defendants appear for a status conference before this Court on **May 21, 2008**, at **9:00 a.m.** in Part IV of the United States Courthouse, 68 Court Street, Buffalo, NY 14202, to discuss and schedule a date on which Defendants shall appear and show cause why

this Court should not enter a Preliminary Injunction Order pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rules of Civil Procedure 7.1(d) and 65, Section 20 of the Securities Act, and Section 21 of the Exchange Act, as requested by the Commission and as detailed in its Application.

## II. TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Commission's Motion for a Temporary Restraining Order (Docket No. 2) is GRANTED.

**IT IS FURTHER ORDERED** that, pending the above-scheduled status conference and a hearing and determination of the Commission's Motion for Preliminary Injunction, the Defendants Watermark Financial, Watermark Holdings, M-One, Gane, and Altadonna, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in the offer or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails to offer or sell securities through the use or medium of a prospectus or otherwise when no registrations statement has been filed or is in effect as to such securities and when no exemption from registration is available in violation of Sections 5(a) and 5(c) of the Securities Act.

**IT IS FURTHER ORDERED** that, pending the above-scheduled status conference and a hearing and determination of the Commission's Motion for Preliminary Injunction, the Defendants Watermark Financial, Watermark Holdings, M-One,

Watermark Capital, Gane, and Altadonna, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in the offer, purchase or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a) employing any device, scheme, or artifice to defraud;

(b) obtaining money or property by means of an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

(c) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, in violation of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder.

**IT IS FURTHER ORDERED** that, pending the above-scheduled status conference and a hearing and determination of the Commission's Motion for Preliminary Injunction, Defendant Gane and his agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with him who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than exempted

securities or commercial paper, bankers' acceptances, or commercial bills) unless associated with a registered broker or dealer in violation of Section 15(a) of the Exchange Act.

**IT IS FURTHER ORDERED** that, pending the above-scheduled status conference and a hearing and determination of the Commission's Motion for a Preliminary Injunction, the Defendants and Relief Defendants, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action, or other property of any kind whatsoever) of, held by, or under the direct or indirect control of the Defendants and Relief Defendants, including, but not limited to, the Affiliated Entities, whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds, or other property of the Defendants and Relief Defendants to hold or retain within its or his control and prohibit the withdrawal, removal, transfer, or other disposal of any such assets, funds, or other properties including, but not limited to, all assets, funds, or other properties held in the following accounts:

| Institution | Account Number | Account Holder |
|---|---|---|
| Citizens Bank | 400412-642-7 | Guy W Gane Jr |
| Citizens Bank | 400350-453-3 | M One Financial Corporate Relations Debit Account Jane M Furlani |
| Citizens Bank | 400143-713-8 | M-One Financial |
| Citizens Bank | 400350-411-8 | M-One Financial |
| Citizens Bank | 731030-773-9 | M-One Financial |
| Citizens Bank | 400350-691-9 | M-One Financial Corporate Relations |
| Citizens Bank | 400350-409-6 | Water Mark |
| Citizens Bank | 400350-443-6 | Watermark M One Insurance Agency |
| Citizens Bank | 400350-392-8 | Watermark M-One Holding Inc. |
| Citizens Bank | 400350-475-4 | Watermark M-One Holding Inc. |
| Citizens Bank | 400350-485-1 | Watermark M-One Holding Inc. |
| Citizens Bank | 400498-127-0 | Watermark M-One Holding Inc. |
| Citizens Bank | 400350-474-6 | Watermark M-One Holding Inc. Debit J Hatcher |
| Citizens Bank | 400589-658-7 | Watermark |
| Citizens Bank | 400132-481-3 | Watermark M-One Holding Inc. |
| Citizens Bank | 4003507060 | Guy W. Gane, III |
| Citizens Bank | 4001787090 | Jenna Gane |
| HSBC | 761-93656-4 | Watermark M-One Holdings Inc. |
| HSBC | 761-44632-0 | Watermark Financial Services Group |
| HSBC | 761-93087-6 | Watermark Financial Services Group |
| HSBC | 761-94121-5 | Watermark Capital Group LLC |
| HSBC | 345 948 220 | Lorenzo Altadonna |
| HSBC | 704 208 296 | Lorenzo Altadonna |
| HSBC | 345 494 237 | Lorenzo Altadonna |
| HSBC | 704 663 515 | Adriano Altadonna (MNR), Lorenzo Altadonna (CUST) |

| | | |
|---|---|---|
| HSBC | 822 648 334 | Lorenzo Altadonna and Nicole Altadonna |
| HSBC | 704 213 052 | Loralta Inc. |
| HSBC | 761 94125-8 | Covenant Network |
| Merrill Lynch | 443-7166 | Watermark Financial Services Group, Inc. |
| Merrill Lynch | 041180892466 | Watermark Financial Services |
| Bank of America | 23-7005-1978 | Watermark Financial Services |
| Bank of America | 4434987711 | Denkon, Inc. |
| Key Bank | 327830061765 | Geoffrey J. Gane, Guy W. Gane, Jr. |

**IT IS FURTHER ORDERED** that, pending the above-scheduled status conference and a hearing and determination of the Commission's Motion for a Preliminary Injunction, the Defendants and Relief Defendants, and any person or entity acting at their direction or on their behalf, be and hereby are enjoined and restrained from destroying, altering, concealing, or otherwise interfering with the access of Plaintiff Commission to any and all documents, books, and records that are in the possession, custody, or control of the Defendants and Relief Defendants and each of their respective officers, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors, successors, and related entities, including, but not limited to, the Affiliated Entities, that refer, reflect, or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting, or relating to the Defendants' and Relief Defendants' finances or business operations, or the offer, purchase or sale of the Watermark Financial, Watermark Holdings, M-One, Watermark Capital and Affiliated

Entities securities and the use of proceeds therefrom.

**IT IS FURTHER ORDERED** that no creditor or claimant against any of the Defendants or Relief Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the assets of Defendants and Relief Defendants.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon the Defendants and Relief Defendants on or before **May 19, 2008, at Noon**, by personal delivery, facsimile, overnight courier, or first-class mail.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendants and Relief Defendants and each of their respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise.

Issued: 9:40 a.m.
May 16, 2008
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge