```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,         :
                                            :
                     Plaintiff,             :
                                            :
             - against -                    :
                                            :
WATERMARK FINANCIAL SERVICES GROUP, INC.,   :
WATERMARK M-ONE HOLDINGS, INC.,             :
M-ONE FINANCIAL SERVICES, LLC,              :
WATERMARK CAPITAL GROUP, LLC,               :
GUY W. GANE, JR., and                       :
LORENZO ALTADONNA,                          :
                                            :    08-CV-361S
                     Defendants, and        :
                                            :
GUY W. GANE, III,                           :
JENNA GANE, and                             :
DENKON, INC.,                               :
                                            :
                     Relief Defendants.     :
                                            :
-------------------------------------------------------------------------------x
```

## CONSENT ORDER GRANTING PRELIMINARY INJUNCTION AND OTHER INTERIM RELIEF

**WHEREAS**, on May 15, 2008, Plaintiff Securities and Exchange Commission (the "Commission") commenced this action against defendants Watermark Financial Services Group, Inc. ("Watermark Financial"), Watermark M-One Holdings, Inc. ("Watermark Holdings"), M-One Financial Services, LLC ("M-One"), Watermark Capital Group, LLC ("Watermark Capital"), Guy W. Gane, Jr. ("Gane") and Lorenzo Altadonna ("Altadonna") (collectively, "Defendants") and relief defendants Guy W. Gane, III, Jenna Gane, and Denkon, Inc. (collectively, the "Relief Defendants") by filing a complaint;

**WHEREAS**, on May 15, 2008, the Commission filed a Motion for an *Ex Parte* Temporary Restraining Order, Preliminary Injunction, Expedited Hearing and Other Relief,

seeking, among other things, an order:

(a) preliminarily enjoining: (I) defendants Watermark Financial, Watermark Holdings, M-One, Gane and Altadonna from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)]; (ii) defendants Watermark Financial, Watermark Holdings, M-One, Watermark Capital, Gane, and Altadonna from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5]; and (iii) defendant Gane from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)];

(b) freezing the assets of Defendants and Relief Defendants;

(c) directing the Defendants and Relief Defendants to provide verified accountings; and

(d) prohibiting Defendants and Relief Defendants from destroying, altering, or concealing documents;

**WHEREAS**, on May 16, 2008, the Court entered a Decision and Order that, among other things, found that "the Commission has made a proper showing" and that "[i]t appears from the evidence presented that Defendants . . . have violated, and, unless temporarily restrained, will continue to violate" the relevant provision of the federal securities law; accordingly, the Court substantially granted the Commission's motion for a temporary restraining order;

**WHEREAS**, the Defendants and Relief Defendants have been duly and properly served with the Summons and the Complaint filed by the Commission, dated May 14, 2008; the Declaration of Israel Maya, executed on May 14, 2008, and the exhibits thereto; the Declaration of Linda Arnold, executed May 15, 2008, and the exhibits thereto; the Notice of Motion for an *Ex Parte* Temporary Restraining Order, Preliminary Injunction, Expedited Hearing and Other

2

Relief, dated May 14, 2008; and the Memorandum of Law in Support of Plaintiff's Motion for an *Ex Parte* Temporary Restraining Order, Preliminary Injunction, Expedited Hearing and Other Relief, dated May 14, 2008;

**WHEREAS**, this Court has jurisdiction over the subject matter of this action and over the Defendants and Relief Defendants, and venue properly lies in this District; and

**WHEREAS**, the Court conducted status conferences on May 22, 2008, June 2, 2008, and a hearing on June 16, 2008; and

**WHEREAS**, at the hearing on June16, 2008, the Court considered the evidence and testimony submitted by Relief Defendant Denkon, Inc. and found that Denkon, Inc. received funds from Defendants that it did not have a legitimate claim to, the Court determined that Denkon, Inc. should be included in the Consent Order Granting Preliminary Injunction and Other Interim Relief (the "Consent Order") and that the Consent Order should be entered.

**NOW, THEREFORE,**

**IT IS ORDERED** that the Commission's Motion for a Preliminary Injunction is GRANTED.

**IT IS FURTHER ORDERED** that this Consent Order should not be construed as an adjudication on the merits of the allegations in the Complaint.  Nothing in this Consent Order shall be construed or intended to be a waiver of Defendants' rights under New York law, federal law, the Federal Rules of Civil Procedure, the New York State Constitution, and the Constitution of the United States, including but not limited to Defendants' and Relief Defendants' rights against self incrimination under the Fifth Amendment of the United States Constitution.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendants Watermark Financial, Watermark Holdings, M-One, Gane, and Altadonna, and each

of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Consent Order by personal service, facsimile service, or otherwise, are hereby preliminarily enjoined and restrained from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

    (b)    making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, any security unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendants Watermark Financial, Watermark Holdings, M-One, Watermark Capital, Gane, and Altadonna, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Consent Order by personal service, facsimile service, or otherwise, are hereby preliminarily enjoined and restrained from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication

in interstate commerce or by use of the mails, directly or indirectly, to:

    (b)    employ any device, scheme, or artifice to defraud;

    (c)    obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (d)    engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendants Watermark Financial, Watermark Holdings, M-One, Watermark Capital, Gane, and Altadonna, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Consent Order by personal service, facsimile service, or otherwise, are hereby preliminarily enjoined and restrained from violating, directly or indirectly, Section 10(b) of the Exchange Act, [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to:

    (a)    employ any device, scheme, or artifice to defraud;

    (b)    make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendant Gane and his agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with him who receive actual notice of this Consent Order by personal service, facsimile service, or otherwise, are hereby preliminarily enjoined and restrained from, directly or indirectly, singly or in concert, making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than exempted securities or commercial paper, bankers' acceptances, or commercial bills) unless associated with a registered broker or dealer in violation of Section 15(a) of the Exchange Act.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, the Defendants and Relief Defendants, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Consent Order by personal service, facsimile service, or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action, or other property of any kind whatsoever) of, held by, or under the direct or indirect control of the Defendants and Relief Defendants, including, but not limited to, entities owned or controlled by, related to, or associated or affiliated with Defendants and Relief Defendants (the "Affiliated Entities"), whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts, and directing each of the financial or

brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds, or other property of the Defendants and Relief Defendants to hold or retain within its or his control and prohibit the withdrawal, removal, transfer, or other disposal of any such assets, funds, or other properties including, but not limited to, all assets, funds, or other properties held in the following accounts:

| **Institution** | **Account Number** | **Name of Account Holder** |
|---|---|---|
| Citizens Bank | 400412-642-7 | Guy W Gane Jr |
| Citizens Bank | 400350-453-3 | M One Financial Corporate Relations Debit Account Jane M Furlani |
| Citizens Bank | 400143-713-8 | M-One Financial |
| Citizens Bank | 400350-411-8 | M-One Financial |
| Citizens Bank | 731030-773-9 | M-One Financial |
| Citizens Bank | 400350-691-9 | M-One Financial Corporate Relations |
| Citizens Bank | 400350-409-6 | Water Mark |
| Citizens Bank | 400350-443-6 | Watermark M One Insurance Agency |
| Citizens Bank | 400350-392-8 | Watermark M-One Holding Inc. |
| Citizens Bank | 400350-475-4 | Watermark M-One Holding Inc. |
| Citizens Bank | 400350-485-1 | Watermark M-One Holding Inc. |
| Citizens Bank | 400498-127-0 | Watermark M-One Holding Inc. |
| Citizens Bank | 400350-474-6 | Watermark M-One Holding Inc. Debit J Hatcher |
| Citizens Bank | 400589-658-7 | Watermark |
| Citizens Bank | 400132-481-3 | Watermark M-One Holding Inc. |
| Citizens Bank | 4003507060 | Guy W. Gane, III |
| Citizens Bank | 4001787090 | Jenna Gane |
| HSBC | 761-93656-4 | Watermark M-One Holdings Inc. |
| HSBC | 761-44632-0 | Watermark Financial Services Group |

| Institution | Account Number | Name of Account Holder |
|---|---|---|
| HSBC | 761-93087-6 | Watermark Financial Services Group |
| HSBC | 761-94121-5 | Watermark Capital Group LLC |
| HSBC | 345 948 220 | Lorenzo Altadonna |
| HSBC | 704 208 296 | Lorenzo Altadonna |
| HSBC | 345 494 237 | Lorenzo Altadonna |
| HSBC | 704 663 515 | Adriano Altadonna (MNR), Lorenzo Altadonna (CUST) |
| HSBC | 822 648 334 | Lorenzo Altadonna and Nicole Altadonna |
| HSBC | 704 213 052 | Loralta Inc. |
| HSBC | 761 94125-8 | Covenant Network |
| Merrill Lynch | 443-7166 | Watermark Financial Services Group, Inc. |
| Merrill Lynch | 041180892466 | Watermark Financial Services |
| Bank of America | 23-7005-1978 | Watermark Financial Services |
| Bank of America | 4434987711 | Denkon, Inc. |
| Key Bank | 327830061765 | Geoffrey J. Gane, Guy W. Gane, Jr. |

**IT IS FURTHER ORDERED** that each Defendant and Relief Defendant shall file with this Court and serve upon the Commission, on or before August 8, 2008, or within such extension of time as the Commission otherwise agrees, a verified written accounting, signed by the Defendant or Relief Defendant under penalty of perjury, of:

(1)    all assets, liabilities and property currently held, directly or indirectly, by or for the benefit of the Defendant or Relief Defendant, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of

8

credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(2) all money, property, assets and income received, directly or indirectly, by the Defendant or Relief Defendant or for his/its direct or indirect benefit, at any time from May 1, 2005 through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed;

(3) the names and last known addresses of all bailees, debtors and other persons and entities that are currently holding the assets, funds or property of the Defendant or Relief Defendant; and

(4) all assets, funds, securities, and real or personal property received, directly or indirectly, by the Defendant or Relief Defendant, or any other person controlled by him/it, from persons who provided money to the Defendants in connection with the offer, purchase or sale of Watermark Financial, Watermark Holdings, M-One, Watermark Capital and Affiliated Entities securities from May 1, 2005, to the date of the accounting, and the disposition of such assets, funds, securities, real or personal property.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, the Defendants and Relief Defendants, and any person or entity acting at their direction or on their behalf, be and hereby are enjoined and restrained from destroying, altering, concealing, or otherwise interfering with the access of Plaintiff Commission to any and all documents, books, and records that are in the possession, custody, or control of the Defendants and Relief Defendants and each of their respective officers, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors,

successors, and related entities, including, but not limited to, the Affiliated Entities, that refer, reflect, or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting, or relating to the Defendants' and Relief Defendants' finances or business operations, or the offer, purchase or sale of the Watermark Financial, Watermark Holdings, M-One, Watermark Capital and Affiliated Entities securities and the use of proceeds therefrom.

**IT IS FURTHER ORDERED** that no creditor or claimant against any of the Defendants or Relief Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the assets of Defendants and Relief Defendants.

**IT IS FURTHER ORDERED** that a copy of this Consent Order be served upon the Defendants and Relief Defendants within two (2) business days after entry of this Consent Order by the Court, by personal delivery, facsimile, overnight courier, or first-class mail.

**IT IS FURTHER ORDERED** that this Consent Order shall be, and is, binding upon the Defendants and Relief Defendants and each of their respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates, and those persons in active concert or participation with them who receive actual notice of this Consent Order by personal service, facsimile service, or otherwise.

Dated:   June 17, 2008
         Buffalo, New York

                                             /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                             United States District Judge