**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**SECURITIES AND EXCHANGE COMMISSION,**

                    **Plaintiff,**          **08-CV-0361S(Sr)**

**v.**

                                               **CASE MANAGEMENT ORDER**

**WATERMARK FINANCIAL SERVICES**
**GROUP, INC., et al.,**

                    **Defendants.**

---

Pursuant to the Order of the **Hon. William M. Skretny** referring this case to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Rule 16(b) of the Federal Rules of Civil Procedure and Rule 16.1(a) and Proposed Rule 16.2 of the Local Rules of Civil Procedure for the Western District of New York, it is **ORDERED** that:

1.    In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution,[1] this case has been referred to mediation.

2.    Compliance with the mandatory requirements found in Rule 26(a)(1) of the Federal Rules of Civil Procedure will be accomplished no later than **August 8, 2008**.

---

[1] A copy of the ADR Plan, a list of ADR Neutrals, and related forms and documents can be found at http://www.nywd.uscourts.gov or obtained from the Clerk's Office.

3. The parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court no later than **August 8, 2008**.

4. All motions to join other parties and to amend the pleadings shall be filed no later than **October 10, 2008**.

5. The initial mediation session shall be held no later than **September 12, 2008.**

6. All fact depositions shall be completed no later than **January 16, 2009**.

7. Plaintiff shall identify any expert witnesses who may be used at trial and provide reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than **October 24, 2008**. Defendant shall identify any expert witnesses who may be used at trial and provide reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than **November 28, 2008.**

8.	All expert depositions shall be completed no later than **January 16, 2009**.

9.	All applications to resolve discovery disputes shall be filed no later than 30 days before the discovery completion date.  In the event of a bonafide discovery dispute that cannot be resolved by counsels' good faith efforts (*see generally* Local Rule 37), the parties shall submit, by joint letter, signed by all counsel, a statement of the issue(s) to be resolved by the Court.  Each party, within five business days thereafter, shall submit by letter a statement of facts and law it wishes the Court to consider.  The Court reserves the right to request full briefing by the parties, in which case the Court will so advise the parties.

10.	All discovery in this case shall be completed no later than **January 30, 2009**.

11.	Dispositive motions shall be filed by all parties no later than **February 20, 2009**.  *See generally* Local Rule 7.1(c); 56.  Such motions shall be made returnable before Judge Skretny unless the referral order grants the Magistrate Judge authority to hear and report upon dispositive motions.  The parties are directed to provide a courtesy copy of all motion papers to the Judge who will be hearing the motion.

12. Mediation sessions may continue, in accordance with Section 5.11 of the ADR Plan, until **March 6, 2009**. The continuation of mediation sessions shall not delay or defer other dates set forth in this Case Management Order.

13. In the event that no dispositive motions are filed, pretrial statements in strict compliance with Local Rule 16.1(d) shall be <u>filed and served</u> no later than **March 20, 2009**.

14. A final pretrial conference pursuant to Fed.R.Civ.P. 16(d) and Local Rule 16.1(j) will be held on **April 8, 2009 at 9:00 a.m.** before Judge Skretny.

15. Trial is set for **June 16, 2009 at 9:30 a.m.**

16. Adjournments: The dates in this scheduling order may not be extended by agreement of counsel. Pursuant to Judge Skretny's <u>Guide to Civil Practice</u>, extensions may be granted, for good cause shown, only upon motion to Judge Skretny, or if the Magistrate Judge has <u>dispositive motion jurisdiction</u> in the case, before the Magistrate Judge. *See* <u>Guide to Civil Practice</u>, II(A)(2).

17. Counsel are directed to refer to Judge Skretny's <u>Guide to Civil Practice</u> for additional guidelines.

      18.    Sanctions: Counsel's attention is directed to Fed.R.Civ.P. 16(f) calling for sanctions in the event of failure to comply with any direction of this Court.

      **SO ORDERED.**

DATED:    Buffalo, New York
               July 24, 2008

                                            **S/ H. Kenneth Schroeder, Jr.**
                                            **H. KENNETH SCHROEDER, JR.**
                                            **United States Magistrate Judge**