**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**SECURITIES AND EXCHANGE COMMISSION,**

                     **Plaintiff,**　　　　　　　　08-CV-0361S(Sr)

**v.**

**WATERMARK FINANCIAL SERVICES**
**GROUP, INC., et al.,**

                     **Defendants.**

---

### DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. Dkt. #35.

Currently before the Court is a joint letter, as required by paragraph 9 of the Court's Case Management Order, setting forth a discovery dispute with respect to plaintiff's discovery demands of defendants Watermark M-One Holdings, Inc., M-One Financial Services, LLC, Watermark Capital Group, LLC, Guy W. Gane, Jr. and Lorenzo Altadonna; relief defendants Guy W. Gane, III and Jenna Gane; and plaintiff's subpoena of records from non-party Beth Zimmerman.

### Discovery Demands

<u>Gane and Watermark Defendants and Relief Defendants</u>

Plaintiff complains that defendants Watermark M-One Holdings, Inc., M-One Financial Services, LLC, Watermark Capital Group, LLC, Guy W. Gane, Jr. and

relief defendants Guy W. Gane, III and Jenna Gane have failed to provide any response to it's discovery demands.

Counsel for the Ganes' and the Watermark entities responds that plaintiff has received hundreds of pages of documents from his clients and that plaintiff has access to virtually every document in existence relating to the Watermark entities, as well as all documentation contained on Watermark computers, by virtue of the government's execution of a search warrant at the Watermark headquarters and subpoenas from financial institutions.  However, that does not excuse the defendants' and relief defendants' obligations to respond to plaintiff's discovery demands in accordance with Rule 26 and Rule 34(b)(2) of the Federal Rules of Civil Procedure. Responses shall be served no later than **February 6, 2009.**

Defendant Altadonna

Plaintiff complains that defendant Lorenzo Altadonna has provided incomplete responses to its discovery demands.

Counsel for Mr. Altadonna responds that Mr. Altadonna has provided plaintiff with a written response to its discovery demands and has produced all of the responsive documents in his possession, with the exception of some color copies of some of the documents which were produced.  Accepting counsel's representation as true, Mr. Altadonna has met his discovery obligations to plaintiff.

**Accounting**

By Consent Order entered June 18, 2008, the Hon. William M. Skretny directed each defendant and relief defendant to file with the Court and serve upon the Commission a verified written accounting signed by each defendant or relief defendant under penalty of perjury.  Dkt. #34, pp.8-9.

Although the deadline for completing the accounting was extended to October 14, 2008 (Dkt. #69), the only party to have complied with the Order to date is Lorenzo Altadonna.  Dkt. #57.

The remaining parties advise, through a letter authored by their attorney, that they are asserting their rights under the Fifth and Eighth Amendments to the United States Constitution.  This is not sufficient.  If any party intends to invoke their right against self-incrimination, they must do so in writing, signed by each party under penalty of perjury.  The remaining defendants and relief defendants shall comply with Judge Skretny's Order or invoke their rights under the Fifth and Eighth Amendment no later than **February 6, 2009.**

**Subpoena**

Plaintiff has served a subpoena upon Beth Zimmerman, a non-party, seeking financial records in connection with the Court's freeze of defendant Guy Gane's assets.

Ms. Zimmerman argues that she has not been given sufficient time to comply with the subpoena.  Ms. Zimmerman also challenges the relevance and scope of the subpoena and it's apparent demand that Ms. Zimmerman personally deliver the documents to the offices of the plaintiff, which are in New York City.

As Ms. Zimmerman is a non-party and the dispute involves a subpoena, a copy of which is not even before the Court, the discovery dispute resolution process set forth in the Court's Case Management Order is not applicable.  However, the Court will direct plaintiff and non-party Zimmerman to resolve this matter or avail themselves of the remedies set forth in Rule 45 of the Federal Rules of Civil Procedures no later than **February 6, 2009.**

**SO ORDERED.**

DATED:   Buffalo, New York
         January 26, 2009

                                           **S/ H. Kenneth Schroeder, Jr.**
                                           **H. KENNETH SCHROEDER, JR.**
                                           **United States Magistrate Judge**