UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,　　　　Case No. 08-CV-361S

　　　　　　　　　　　　　Plaintiff,

-against-

WATERMARK FINANCIAL SERVICES GROUP, INC.,
WATERMARK M-ONE HOLDINGS, INC.,
M-ONE FINANCIAL SERVICES, LLC, WATERMARK
CAPITAL GROUP, LLC, GUY W. GANE, JR., and
LORENZO ALTADONNA,

　　　　　　　　　　　　　Defendants, and

GUY W. GANE, III, JENNA GANE, and DENKON, INC.,

　　　　　　　　　　　　　Relief Defendants.

## ORDER MODIFYING ASSET FREEZE

**WHEREAS** on May 15, 2008, Plaintiff Securities and Exchange Commission (the "Commission") commenced this action by filing a Complaint and a Motion for an *Ex Parte* Temporary Restraining Order, Preliminary Injunction, Expedited Hearing and Other Relief, and, on May 16, 2008, the Court entered a Decision and Order that, among other things, granted the Commission's motion for a temporary restraining order;

**WHEREAS**, on June 18, 2008, the Court entered a Consent Order Granting Preliminary Injunction and Other Interim Relief (the "Asset Freeze") that, as more fully set forth therein, preliminarily enjoined the defendants from violating the registration and antifraud provisions of the federal securities laws, continued the asset freeze that had been provisionally in effect since May 15, 2008, and granted other relief;

**WHEREAS** defendant Guy W. Gane, Jr. ("Gane") is the current owner of real property situated at 77 Division Street, North Tonawanda, New York (the "Property");

**WHEREAS** on November 12, 2008, RBS Citizens commenced a foreclosure action in the Supreme Court of the State of New York, Niagara County entitled *RBS Citizens v. Guy W. Gane, Jr., et al.*, Index No. 135301/08 (the "Foreclosure Action"), which, among other things, alleges that Gane owed RBS Citizens the principal sum of $89,600.00 plus interest at the contract rate under the terms of a Home Equity Line of Credit Agreement and Home Equity Line Mortgage, entered into by RBS Citizens as mortgagee, and Gane, as mortgagor on or about July 6, 1994, which mortgage is a first mortgage lien on the Property (the "RBS Citizens Mortgage"); that Gane became obligated to pay the principal sum of $20,000.00 under the terms of a mortgage loan secured by the Property entered into by Stanley Ohol, as mortgagee, and Gane, as mortgagor on or about July 22, 1996 (the "Second Mortgage") which mortgage is subject and subordinate to the RBS Citizens mortgage;

**WHEREAS** RBS Citizens is currently prevented from foreclosing on the Property and/or taking other further action to collect on the mortgage under the terms of the Asset Freeze;

**IT IS HEREBY ORDERED**, based on the consent of the Commission and there being no opposition filed by Defendant Gane, that the Motion to Modify the Asset Freeze Order (Docket No. 175) is GRANTED.

**FURTHER**, that the Asset Freeze Order is hereby modified to permit RBS Citizens, or its successors and assigns, to proceed with the Foreclosure Action and to conduct a foreclosure sale of the Property in accordance with the practices and procedures provided for such an action under New York State law.

**FURTHER**, that following the foreclosure sale of the Property, and after payment in full from the proceeds of such foreclosure sale to RBS Citizens, or its successors and assigns, of all the

amounts due and payable to RBS Citizens, or its successors and assigns, under the RBS Citizens' Mortgage and in accordance with the terms of the Judgment of Foreclosure and Sale to be entered in the Foreclosure Action including, but not limited to, reasonable attorneys' fees, costs, and disbursements incurred by RBS Citizens, or its successors and assigns, in the Foreclosure Action, if there are any remaining surplus moneys as determined by the Referee's Report of Sale and confirmation of such Report of Sale, such surplus moneys shall be paid in their order of priority pursuant to New York's Real Property Actions and Proceedings Law ("RPAPL") §§ 1361 and 1362 and all other applicable laws.

**FURTHER**, that after payment is made as set forth in paragraph 2 above, the remaining surplus money (the "Remaining Proceeds"), if any, shall be paid to the Clerk of this Court and deposited by the Clerk in an interest bearing account. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval.

**FURTHER**, that RBS Citizens or its successors and assigns shall provide counsel to the Commission copies of the Notice of Motion for inter alia, a Judgment of Foreclosure and Sale and, upon no less than 20 days notice, a copy of the Notice of Sale of the Property.

**FURTHER,** that except as set forth herein, the Asset Freeze as set forth in the Preliminary Injunction Order remains in full effect as originally entered.

**SO ORDERED.**


Dated: December 20, 2009
      Buffalo, NY

                                        <u>/s/William M. Skretny</u>
                                        WILLIAM M. SKRETNY
                                        UNITED STATES DISTRICT JUDGE