.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------------------x
```

SECURITIES AND EXCHANGE COMMISSION,      :
                                          :
                          Plaintiff,      :
                                          :
              - against -                 :
                                          :
WATERMARK FINANCIAL SERVICES GROUP, INC., :
WATERMARK M-ONE HOLDINGS, INC.,           :
M-ONE FINANCIAL SERVICES, LLC,            :
WATERMARK CAPITAL GROUP, LLC,             :
GUY W. GANE, JR.,                         :
LORENZO ALTADONNA,                        :
THOMAS BRICK and                          :
DEBORAH GALAS,                            :
                                          :    08-CV- 361S
                          Defendants, and :
                                          :
GUY W. GANE, III,                         :
JENNA GANE, and                           :
DENKON, INC.,                             :
                    Relief Defendants.    :
                                          :

```
---------------------------------------------------------------------------x
```

**ORDER AS TO RELIEF DEFENDANT DENKON, INC.**
**AND KONSTANTINOS SAMOUILIDIS PROVIDING FOR**
**ASSET FREEZE, DISGORGEMENT AND IMPOSING OTHER RELIEF**

Presently before this Court is Plaintiff's Motion for Imposition of Relief Agreed to by

Konstantinos Samouilidis and Denckon, Inc. in an August 25, 2008 Stipulation and Order.

(Docket No. 145.)

**WHEREAS**, on August 25, 2008, this Court entered a Stipulation and Order Providing

for Payments to the Clerk of the Court by Konstantinos Samouilidis and Denkon, Inc. ("8/25/08

Order"), which, among other things, ordered Konstantinos Samouilidis ("Samouilidis") and

relief defendant Denkon, Inc. ("Denkon") to pay to the Clerk of the Court a total of $642,931.81, representing $617,000 that Samouilidis and Denkon received as a result of the conduct alleged in the Complaint plus interest thereon of $25,931.81;

**WHEREAS,** the 8/25/08 Order provides that if Samouilidis and Denkon default on any payments required by the 8/25/08 Order, and fail to pay the then outstanding balance within ten days from the date of plaintiff's written declaration of default, then Samouilidis and Denkon consent to: (a) the entry of an order providing for all of the relief sought in the Motion to Amend the Complaint filed by plaintiff on July 25, 2008, including an asset freeze of Samouilidis's assets; and (b) the entry of a judgment against them noting their default under the 8/25/08 Order and ordering the payment of the then outstanding principal balance as disgorgement plus prejudgment interest;

**WHEREAS,** Samouilidis and Denkon defaulted by failing to pay the remaining balance of $183,300.04, of which $100,000 was due on or before November 30, 2008 and $83,300.04 was due on or before December 31, 2008;

**WHEREAS,** by letter dated January 12, 2009, plaintiff provided a notice of default to Samouilidis and Denkon declaring the balance due and payable by January 22, 2009;

**WHEREAS,** on February 2, 2009, the Commission filed a motion requesting the Court to impose the relief consented to in the 8/25/08 Order;

**WHEREAS,** the Court denied this motion without prejudice on February 16, 2009 (the "2/16/09 Order") and extended the time for Samouilidis and Denkon to fulfill their payment obligations to March 30, 2009, further providing that "[n]o further extensions will be granted":

**WHEREAS,** on March 13, 2009, the Court granted the Commission's motion for payment of prejudgment interest, stating that "prejudgment interest shall be calculated from

11/30/2009, when $100,000 was due, and 12/31/2008, when $83,000.04 was due," as a result, additional prejudgment interest is owed;

**WHEREAS**, a letter to the Clerk of the Court dated April 17, 2009, from counsel to Samouilidis and Denkon, enclosed a check for $10,000 pursuant to the 2/16/09 Order. Accordingly, the amount currently owed by Samouilidis and Denkon is $173,300.04, plus $8,844.05 in additional prejudgment interest, for a total of $182,144.09;

**WHEREAS,** on February 27, 2009, the Commission filed a motion for summary judgment seeking, among other things, an order compelling Denkon and Samouilidis to disgorge an additional $305,000, plus prejudgment interest;

NOW, THEREFORE, based upon this Court's 8/25/08 and 2/16/09 Orders and upon this Court's finding that Samouilidis and Denkon are in default of their payment obligations under the 8/25/08 and 2/16/09 Orders, this Court hereby orders the relief provided for in the 8/25/08 Order:

1.      Plaintiff's Motion for Imposition of Relief Agreed to by Konstantinos Samouilidis and Denckon, Inc. in an August 25, 2008 Stipulation and Order (Docket No. 145) is GRANTED.

2.      The Clerk of the Court is DIRECTED to add Konstantinos Samouilidis as a relief defendant in this action.

3.      Pending further order of the Court, Samouilidis and Denkon, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Consent Order and Judgment by personal service, facsimile service, or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer,

pledge, encumbrance, assignment, dissipation, concealment, or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action, or other property of any kind whatsoever) of, held by, or under the direct or indirect control of Samouilidis or Denkon, including, but not limited to, entities owned or controlled by, related to, or associated or affiliated with Samouilidis and Denkon (the "Affiliated Entities"), whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds, or other property of Samouilidis and Denkon to hold or retain within its or his control and prohibit the withdrawal, removal, transfer, or other disposal of any such assets, funds, or other properties including, but not limited to, all assets, funds, or other properties held in the following accounts:

| Institution | Account Number | Name of Account Holder |
|---|---|---|
| Bank of America | XXXXXXXX0180 | Konstantinos Samouilidis<br>E. Samouilidis<br>V. Samouilidou |
| Bank of America | XXXXXXXX0301 | Konstantinos Samouilidis<br>D. Samouilidis |
| Bank of America | XXXXXXXX4778 | Konstantinos Samouilidis<br>V. Samouilidou |

4.  Samouilidis shall file with this Court and serve upon the plaintiff, on or before September 23, 2010, or within such extension of time as plaintiff otherwise agrees, a verified written accounting, signed by Samouilidis under penalty of perjury, of:

(a)     all assets, liabilities and property currently held, directly or indirectly, by or for the benefit of Samouilidis, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(b)     all money, property, assets and income received, directly or indirectly, by Samouilidis for his direct or indirect benefit, at any time from May 1, 2005 through the date of such accounting, including but not limited to all transfers from the defendants, Ian Gent, James Lagona, Vincenzo Altadonna and Loralta, Inc., describing the source, amount, disposition and current location of each of the items listed; and

(c)     the names and last known addresses of all bailees, debtors and other persons and entities that are currently holding the assets, funds or property of Samouilidis.

5.     Samouilidis, and any person or entity acting at his direction or on his behalf, is hereby enjoined and restrained from destroying, altering, concealing, or otherwise interfering with the access of plaintiff to any and all documents, books, and records that are in the possession, custody, or control of Samouilidis and his respective officers, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors, successors, and related entities, including, without limitation, documents, books, and records referring, reflecting, or relating to Samouilidis's finances or business operations, or the offer, purchase or sale of securities offered or issued by the defendants and the use of proceeds therefrom.

6.      No creditor or claimant against Samouilidis, or any person acting on behalf of

such creditor or claimant, shall take any action to interfere with the taking control, possession, or

management of the assets of Samouilidis.

7.      Under the 8/25/08 Order, Samouilidis and Denkon are jointly and severally liable

to pay disgorgement of $617,000 received as a result of the conduct alleged in the Complaint,

plus prejudgment interest in the amount of $25,931.81, for a total of $642,931.81.  A total of

$469,631.77 has previously been transferred to the Clerk of the Court, as follows:

- ·   $59,631.77 on June 26, 2008, pursuant to the Consent Order entered on June 25,

    2008;

- ·   $300,000 on September 2, 2008 pursuant to the 8/25/08 Order;

- ·   $100,000 on October 31, 2008, pursuant to the 8/25/08 Order; and

- ·   $10,000 on April 17, 2009, pursuant to the 2/16/09 Order.

Accordingly, Samoulidis and Denkon are jointly and severally liable to pay the

remaining balance of $173,300.04, plus $8,844.05 in additional prejudgment interest, for a total

of $182,144.09, within ten business days to the Clerk of this Court, together with a cover letter

identifying Samouilidis and Denkon as relief defendants in this action; setting forth the title and

civil action number of this action and the name of this Court; and specifying that payment is

made pursuant to this Consent Judgment.  Samouilidis and Denkon shall simultaneously transmit

photocopies of such payment and letter to plaintiff's counsel in this action.  By making this

payment, Samouilidis and Denkon relinquish all legal and equitable right, title, and interest in

such funds, and no part of the funds shall be returned to Samouilidis or Denkon.  The Clerk shall

deposit the funds into the Court Registry Fund.  These funds, together with any interest and

income earned thereon (collectively, the "Fund"), shall be held in the account until further order

of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the

Administrative Office of the United States Courts, the Clerk is directed, without further order of

this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent

of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial

Conference of the United States. Prejudgment interest shall accrue on any unpaid disgorgement

amounts until the entry of a final judgment in this matter.

8.      On February 27, 2009, the Commission filed a motion for summary judgment

seeking, among other things, additional disgorgement from Samoulidis and Denkon of $305,000

plus prejudgment interest. The asset freeze in this Judgment shall remain in effect until all

payment obligations of Samouilidis and Denkon are satisfied, including any additional

disgorgement that is ordered by the Court pursuant to the Commission's summary judgment

motion.

9.      This Order shall be served upon Samouilidis and Denkon within two (2) business

days after entry of this Order by the Court, by personal delivery, facsimile, overnight courier, or

first-class mail.

10.      This Judgment shall be, and is, binding upon Samouilidis and Denkon and each of

Denkon's respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries,

affiliates, and those persons in active concert or participation with Samouilidis and Denkon who

receive actual notice of this Order by personal service, facsimile service, or otherwise.

        SO ORDERED.

Dated:  August 30, 2010
        Buffalo, NY

                                    /s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                            Chief Judge
                                    United States District Court