**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------x
**SECURITIES AND EXCHANGE COMMISSION,**       :
                                           :
      **Plaintiff,**           :
                                           :
    - against -                     :
                                           :
**WATERMARK FINANCIAL SERVICES GROUP, INC.,**  :
**WATERMARK M-ONE HOLDINGS, INC.,**            :
**M-ONE FINANCIAL SERVICES, LLC,**             :
**WATERMARK CAPITAL GROUP, LLC,**              :
**GUY W. GANE, JR.,**                          :
**LORENZO ALTADONNA,**                         :
**THOMAS BRICK and DEBORAH GALAS**             :   08 Civ. 361S(S)
                                           :
      **Defendants, and**      :
                                           :
**GUY W. GANE, III,**                          :
**JENNA GANE,**                                :
**DENKON, INC., and**                          :
**KONSTANTINOS SAMOUILIDIS,**                  :
                                           :
      **Relief Defendants.**   :
                                           :
-------------------------------------------------------------------------------x

**ORDER FIXING AMOUNT OF DISGORGEMENT AND**
**PREJUDGMENT INTEREST AS TO DEFENDANTS**
<u>**THOMAS BRICK AND DEBORAH GALAS**</u>

**WHEREAS:**

**1.** On February 16, 2009, the Court in this action entered a *Judgment as to Defendant Thomas Brick* (Dkt. 97) and *a Judgment as to Defendant Deborah Galas* (Dkt. 96) (collectively, the "Judgments");

**2.** The Judgments provide, among other things, that defendants Thomas Brick and Deborah Galas (collectively, "Defendants") shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty; that the Court shall determine

the amounts of the disgorgement and civil penalty upon motion by the Commission, and that, for the purposes of such motion, Brick and Galas are precluded from arguing that they did not violate the federal securities laws and that the allegations of the Amended Complaint shall be accepted as true and deemed true by the Court;

3. On February 27, 2009, the Commission filed a motion for summary judgment asking the Court, among other things, for a determination pursuant to the Judgments of the amount of disgorgement and civil penalty, and ordering Brick and Galas, together with the other defendants, jointly and severally, to pay disgorgement in the amount of $5,835,425.70, and further to pay prejudgment interest thereon from May 14, 2008, through the date of entry of this order, and imposing a third-tier civil penalty against Brick and Galas.

4. On February 14, 2012, the Court granted in part and denied in part the Commission's motion for summary judgment. It ordered Brick and Galas to each pay disgorgement of $5,835,425.70 and imposed third-tier penalties of $100,000 against each of them.

**NOW, THEREFORE:**

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Brick and Galas are jointly and severally liable with defendants Guy W. Gane, Jr., Watermark Financial Services Group, Inc., Watermark M-One Holdings, Inc., M-One Financial Services, LLC and Watermark Capital Group, LLC for disgorgement of $5,835,425.70, representing profits gained as a result of the conduct alleged in the Amended Complaint, reduced by the amounts paid previously by other parties identified below, for a total disgorgement of $5,299,478.21, together

with prejudgment interest thereon in the amount of $788,979.68, for a total of $6,088,457.89. In addition, Brick shall pay a civil monetary penalty of $100,000, and Galas shall pay a civil monetary penalty of $100,000 pursuant to 15 U.S.C. §§ 77t(d) and 78u(d). This disgorgement obligation, but not the civil penalties, shall be reduced on a dollar-for-dollar basis by: (a) any payments made pursuant to the *Order Fixing Amount of Disgorgement and Prejudgment Interest as to Defendant Lorenzo Altadonna* filed April 4, 2011 (Dkt. 196); (b) any payments by defendants Guy W. Gane, Jr., Watermark Financial Services Group, Inc., Watermark M-One Holdings, Inc., M-One Financial Services, LLC, Watermark Capital Group, LLC; and (c) any payments by any of the relief defendants. As of the date of entry of this Order, Denkon, Inc. has paid a total of $482,545.17, and Altadonna has paid a total of $53,402.32, for a total of $535,947.49. As a result, the total remaining disgorgement amount is $5,299,478.21.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment, and the Commission may enforce the Court's judgment for civil penalty through procedure authorized by law. In response to any such civil contempt motion by the Commission, Brick and Galas may assert any legally permissible defense.

Brick and Galas shall satisfy this obligation by paying $6,088,457.89 within 14 days after the entry of this judgment to the Clerk of this Court, together with a cover letter identifying Thomas Brick or Deborah Galas as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment,

Defendants relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendants. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Clerk shall deposit the funds into an interest-bearing account with the Court Registry Fund or any other type of interest-bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Order shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that he or she is entitled to, nor shall he or she further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty

Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Amended Complaint in this action.

## II.

IT IS HEREBY FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**SO ORDERED.**

Dated:        February 15, 2012
              Buffalo, NY

                                             s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                                Chief Judge
                                          United States District Court